Mathew K. Higbee, Esq., SBN 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr. Suite #112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law

Attorney for Plaintiff,
LISA CORSON

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LISA CORSON,<br><br>Plaintiff,<br><br>v.<br><br>IMPERIAL VENUES, INC.; ANDRANIK TER-PETROSYAN, individually; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:23-cv-1668<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff LISA CORSON, by and through her undersigned counsel, brings this Complaint against Defendant IMPERIAL VENUES, INC.; ANDRANIK TER-PETROSYAN, individually; and DOES 1 through 10, inclusive, and alleges as follows:

## NATURE OF THE ACTION

This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.* and 17 U.S.C. § 1202.

## PARTIES

1. Plaintiff Lisa Corson ("Corson") is an individual and professional photographer.

1

2. Upon information and belief, Defendant Imperial Venues, Inc. ("Imperial") is a corporation company duly organized and existing under the laws of the State of California and doing business in the State of California.

3. Upon information and belief, Defendant Andranik Ter-Petrosyan ("Ter-Petrosyan") is an individual residing in the State of California and is, or was at all relevant times, the principal officer or owner of the Defendant business entity named in this Complaint (Imperial Venues, Inc.).

4. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and on that basis alleges, that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the Complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously-named Defendants.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" include all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

**JURISDICTION AND VENUE**

6. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of California and/or Defendants transact business in the State of California.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which Defendants reside; a substantial part of the acts and omissions giving rise to the claims occurred, or a

substantial part of property that is the subject of the action is situated in this judicial district; and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

9. Lisa Corson is a highly successful and acclaimed freelance photographer that previously worked as the photo editor for SPIN, New York Magazine, and the Wall Street Journal.

10. Corson creates and licenses her work for a fee to a variety of editorial and commercial clients. Corson's client list includes AARP, Delta Airlines, Google, Grand Mariner, House and Garden, Sunset Magazine, The National Geographic Channel, The New York Times, and The Washington Post, and Visit California.

11. Corson's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Corson's work deters would-be infringers from copying and profiting from her work without permission.

12. Corson is the sole author and exclusive rights holder to a photograph of pedestrians walking down a tree-lined, partially-shaded sidewalk, along-side a building with dark green awnings. (the "Corson Photograph").

13. Attached hereto as Exhibit A is a true and correct copy of the Corson Photograph.

14. Corson registered the Corson Photograph with the United States Copyright Office under Registration Number VAu 1-208-781 with an Effective Date of Registration of April 20, 2015.

15. The Corson Photograph appeared in an articled featured by the Los Angeles Magazine ("LA Magazine") on October 1, 2018, titled *Why We Love South Pasadena* ("LA Magazine Article") and can be found at https://www.lamag.com/citythinkblog/small-towns-south-pasadena/.

16. A true and correct copy of the screenshot of the LA Magazine Article is attached hereto as Exhibit B.

17. The Corson Photograph, as it appeared in the LA Magazine Article, included a photo credit below the bottom right corner of the image crediting the Corson Photograph to Lisa Corson. *See* Exhibit B.

### *Defendants Imperial Venues, Inc. and Andranik Ter-Petrosyan*

18. Upon information and belief, Defendant Imperial provides catering and event planning services for weddings and social and corporate events that will be held in its banquet halls in Los Angeles, California.

19. Upon information and belief, Imperial is the owner and operator of the website https://www.imperialpalacebanquethall.com/ (the "Website").

20. Upon information and belief, Imperial generates content on the Website to market and promote its services, attract user traffic and potential clients to the business, and increase its customer base and revenue for the business.

21. Upon information and belief, at all relevant times, the Website was readily accessible to the general public throughout California, the United States, and the world.

22. Upon information and belief, Ter-Petrosyan is, or was at all relevant times, the principal officer or owner of Imperial and had a direct financial interest in the content and activities of the Website (including the activities alleged in this Complaint).

23. Upon information and belief, at all relevant times, Imperial and Ter-Petrosyan had the ability to supervise and control all content on the Website.

24. Upon information and belief, the Defendants named in this Complaint (including Imperial and Ter-Petrosyan) were at all relevant times acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

### *Defendant Imperial Venues, Inc. and Defendant Andranik Ter-Petrosyan's Willful Infringing Conduct*

25. On or about March 7, 2022, Corson discovered her Corson Photograph

being used by Imperial on the Website on a webpage entitled "6 Important Things To Look For In An Event Venue" as the feature image under the subheading "Location."

26. Attached hereto as Exhibit C are true and correct screenshots of the Corson Photograph as used on the Website. The first two photographs are screenshots taken from a page on the Internet Archive's website, dated May 23, 2022, and can be found at https://www.imperialpalacebanquethall.com/choosing-event-venue-los-angeles/. The third screenshot was taken from the Website on May 3, 2022 and has the date-stamp attached to the screenshot.

27. Corson also noticed that the Corson Photograph as used on the Website credited the image to the LA Magazine and did not include her photo credit. *See* Exhibit C.

28. Corson is informed and believes that the purpose of the use of the Corson Photograph on the Website was to provide high-quality and aesthetically pleasing content on the Website congruent with Imperial's marketing campaign.

29. Corson did not provide Defendants with consent or authorization to use or display the Corson Photograph on the Website with or without her photo credit.

30. In no event did Corson provide Defendants with a license to use or display the Corson Photograph in any manner with or without her photo credit.

31. Corson is informed and believes Defendants (including their employees, agents, contractors, or others over whom they have responsibility and control) created an unauthorized copy of the Corson Photograph and caused it to be uploaded to and displayed on the Website.

32. Corson is informed and believes Defendants (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Corson's original and unique Corson Photograph for commercial benefit and acquired monetary gain and market benefit as a result of use of the Corson Photograph on the Website.

33. Corson is informed and believes Defendants removed the photo credit

on the Corson Photograph in order to conceal their infringing conduct.

34. After discovering the unauthorized use of the Corson Photograph, Corson, through counsel, sent cease and desist correspondence to Imperial in April and July of 2022 in an attempt to resolve this matter.

35. Defendant Imperial never responded to that correspondence, and in fact as of February 18, 2023, Defendant Imperial continued to store a copy of the Corson Photograph on the Website's server.

36. Attached hereto as Exhibit D is a true and correct screenshot of the Corson Photograph, taken in Google Incognito mode, as stored on the Website's server, with a date-stamp of February 18, 2023.

37. Upon information and belief, Defendants willfully infringed upon Corson's rights in her copyrighted Corson Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendants knew, or should have known, they did not have a legitimate license to use the Corson Photograph.

38. In addition, Defendants' conduct is willful because they continued to store a copy of the Corson Photograph on the Website's server, at least through February 18, 2023, after being sent cease and desist correspondence.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

39. Corson incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Corson owns a valid copyright in the Corson Photograph.

41. Corson registered the Corson Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) copied and displayed Corson's unique and original Corson Photograph without Corson's consent or authorization in violation of 17 U.S.C. § 501.

43. As a result of Defendants' violations of Title 17 of the U.S. Code, Corson has sustained significant injury and irreparable harm.

44. As a result of Defendants' violations of Title 17 of the U.S. Code, Corson is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Corson's election, statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

45. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

46. Corson is also entitled to injunctive relief to prevent or restrain infringement of her copyrights pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
## REMOVAL OF COPYRIGHT MANGEMENT INFORMATION
## 17 U.S.C. § 1202

47. Corson incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Corson Photograph, as it appeared in the LA Magazine Article, contained copyright management information ("CMI"). Specifically, the Corson Photograph included a photo credit below the bottom right corner of the image crediting the author of the Corson Photograph as Lisa Corson.

49. Without Corson's consent or authorization, Defendants intentionally removed the photo credit, related to the Corson Photograph, knowing, or having reasonable ground to know, that it would induce, enable, facilitate, or conceal infringement of Corson's rights in the Corson Photograph in violation of 17 U.S.C § 1202(b).

50. Additionally, Defendants distributed copies of the Corson Photograph knowing that the photo credit had been removed without Corson's consent or authorization and knowing, or having reasonable ground to know, that it would induce, enable, facilitate, or conceal infringement of Corson's rights in the Corson Photograph in violation of 17 U.S.C § 1202(b).

51. Specifically, Defendants made an unauthorized copy of the Corson Photograph that contained the photo credit identifying Corson as the copyright owner of the photograph, credited the LA Magazine as the source of the photograph, purposefully failed to credit Corson as the copyright owner of the photograph before incorporating the Corson Photograph on the Website, and distributed copies of the Corson Photograph, knowing they had removed the photo credit from the Corson Photograph, in order to mislead the public into believing that Defendants had legitimately licensed it for use.

52. Additionally, Defendants' conduct was intentional because they purposefully removed the photo credit identifying Corson as the author of the Corson Photograph, before incorporating the image on the Website, knowing they were not copyright owner of the Corson Photograph; knowing they had not licensed the Corson Photograph for use on the Website; and knowing they did not have Corson's permission or authority to use the Corson Photograph on the Website or to distribute copies of the Corson Photograph without the photo credit.

53. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(b).

54. Corson has sustained significant injury and monetary damages, in an amount to be proven, as a result of Defendants' wrongful acts as hereinabove alleged.

55. In the alternative, Corson may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 for the violation of 17 U.S.C. § 1202(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Corson's copyright interest in the Corson Photograph by copying, displaying, and distributing it without a license or consent;
- For a finding that Defendants intentionally removed Corson's photo credit

from the Corson Photograph before incorporating the image on the Website;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all of Corson's copyrighted works pursuant to 17 U.S.C. § 502;

- For statutory damages against Defendants in an amount up to $25,000 for the removal of copyright management information pursuant to 17 U.S.C. § 1202;

- For pre judgment and post judgment interests as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: March 6, 2023                    Respectfully submitted,

                                        **/s/ Mathew K. Higbee**
                                        Mathew K. Higbee, Esq.
                                        SBN 241380
                                        **HIGBEE & ASSOCIATES**
                                        1504 Brookhollow Dr. Suite #112
                                        Santa Ana, CA 92705
                                        (714) 617-8350
                                        (714) 597-6729 facsimile
                                        mhigbee@higbee.law
                                        *Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Lisa Corson hereby demands a trial by jury in the above matter.

Dated: March 6, 2023                              Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
SBN 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr. Suite #112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law
*Attorney for Plaintiff*